IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Cause No. CR 03-210 JP

ERASMO RUIZ-SOTO,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR DISCOVERY

THIS MATTER comes before the Court pursuant to Defendant's Motion for Discovery [Docket No. 46]. A hearing on the motion was held May 16, 2003, and the motion was taken under advisement. Upon consideration of the parties' submissions, argument, and the applicable law, I find that the motion is not well taken and will be denied.

Defendant's motion seeks information regarding the nature, timing and location of "sensor activity" in the vicinity of the border between Mexico and the United States. Defendant has filed a motion to suppress [Docket No. 37] in which Defendant argues that statements and physical evidence seized as a result of his detention and arrest should be suppressed because the stop and detention of Defendant were not supported by sufficient factual justification and were thus unconstitutional. The motion to suppress, citing United States v. Cortez, 449 U.S. 411, 417-18 (1981), notes that a person may not be stopped and detained unless law enforcement officials have a particularized and objective basis for suspecting the person of criminal activity. Defendant urges that information regarding the nature, timing and location of the sensor is necessary to

defend the motion to suppress.

In response, the Government argues that disclosure of information on the precise nature, location and timing of sensors on international borders between the United States and Mexico would implicate national security concerns and seriously impair U.S. Border Patrol investigative techniques and procedures.

The Government, in support of its stop of Defendant's truck, states that, on December 19, 2002, at approximately 7:30 p.m., a traffic sensor alerted three times in the "Birchfield area." Border Patrol Agents Jimenez and Ricci were parked about 150 yards off of New Mexico Highway 9 which runs parallel to the border. The Agents' location was also approximately one mile from the sensor. After the sensor alerted, Agents Jimenez and Ricci drove to Highway 9 and then to the location of the sensor. As agents drove toward the sensor, they observed two utility trucks traveling west on Highway 9 approximately one to one and a half minutes apart from one another. The distance traveled by both of these vehicles from the sensor fit the time frame that it would take a vehicle to activate the sensor and travel such a distance.

The Government is obligated to disclose to Defendant information in accordance with the Court's standing discovery order, in accordance with Fed. R. Crim. P. 16 and in accordance with constitutional due process as articulated in Brady v. Maryland, 373 U.S. 83 (1063) and its progeny.

The Court's standing discovery order [Docket No. 16] iterates that the Government is required to make disclosures regarding all Fed. R. Evid. 404(b) information, and that both parties are required to make disclosures required under Brady and Fed. R. Crim P. 16. The standing discovery order specifically states that no other disclosures are required. Neither party argues

that the requested information is Fed. R. Evid. 404(b) information.  Thus, the standing discovery order provides no independent discovery requirements separate from the requirements of Fed. R. Crim. P. 16 and the Brady line of cases.

The relevant requirement of Fed. R. Crim. P. 16 is that the Government disclose and permit a defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at trial.

To obtain discovery under Fed. R. Crim. P. 16, a defendant must show more than that the item bears some abstract logical relationship to an issue in the case; there must be some indication that the disclosure would enable the defendant to significantly alter the quantum of proof in his favor.  U.S. v. Jordan, 316 F.3d 1215, 1251 (11th Cir. 2003).  Defendant must provide some detail on how the requested disclosure is material to the preparation of Defendant's defense.  U.S. v. Price, 75 F.3d 1440, 1445 (10th Cir. 1996).

Here, the government has already disclosed that the sensor alerted at approximately 7:30 p.m. and was located approximately one mile from Agents Ricci and Jimenez at the time.  The additional details Defendant requests with regard to the specific nature of the sensors and specific locations are not material to the preparation of the defense.  Therefore, this information is not discoverable pursuant to Fed. R. Crim. P. 16.

The due process clause of the Constitution of the United States requires that the Government disclose to a defendant evidence that is material and favorable to the defendant as exculpatory or impeachment evidence.  Gonzales v. McKune, 247 F.3d 1066, 1075 (10th Cir.2001).  Again, Defendant has already been provided information with regard to the time of the

sensor alert and the location of the sensor in relation to Agents Jimenez and Ricci.  Defendant has failed to adequately support his contention that additional detailed information he is requesting is material and either exculpatory or favorable impeachment evidence.  Thus, Defendant has no right to discovery of the additional information based on <u>Brady</u> and its progeny.

IT IS THEREFORE ORDERED that Defendant's Motion for Discovery [Docket No. 46] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE